IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANATXX GAS STORAGE LIMITED and CANATXX LNG LIMITED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-1330 |
| SILVERHAWK CAPITAL PARTNERS, LLC, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This dispute involves an "Opportunity Cost Fee" allegedly due after efforts to consummate a proposed investment transaction ended. The plaintiffs and counterdefendants, Canatxx Gas Storage Limited and Canatxx LNG Limited (collectively, "Canatxx"), are natural gas firms based in the United Kingdom; the defendant and counterclaim plaintiff, Silverhawk Capital Partners, LLC, is an investment firm. Canatxx and Silverhawk signed an Indicative Term Sheet under which they agreed to work toward a Silverhawk investment in Canatxx. Silverhawk contends that after the proposed investment did not occur, Canatxx breached its obligation under that Indicative Term Sheet to pay Silverhawk a £3 million "Opportunity Cost Fee." Canatxx filed this suit seeking a declaratory judgment that it is not liable for the fee. Silverhawk counterclaimed to recover the fee.

On May 8, 2008, this court granted Silverhawk's motion for summary judgment on its breach of contract counterclaim. On May 22, 2008, Canatxx filed a Rule 59(e) motion arguing that the summary judgment ruling was clearly erroneous. (Docket Entry No. 70). Silverhawk responded. (Docket Entry No. 73).

Based on the pleadings; the motion and response; the parties' submissions; and the applicable law, Canatxx's motion to alter the judgment under Rule 59(e) is denied. The reasons for this ruling are set out in detail below.

**I.      The Legal Standard**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE &

PROCEDURE § 2810.1, at 124 (2d ed. 1995).  Because granting a Rule 59(e) motion is such an extraordinary remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**II.     Analysis**

The facts disclosed by the record were detailed in this court's earlier Memorandum and Opinion and are not repeated here.  Canatxx argues that this court's finding that the transactions Canatxx entered into with third parties were not "in addition to" the proposed Silverhawk investment, but instead were to replace the money that Silverhawk had proposed to invest, was clearly erroneous.  Canatxx argues that it was willing to move forward under the original Indicative Term Sheet signed on August 5, 2005, and that Silverhawk, not Canatxx, declined to continue to negotiate and work toward the proposed investment.

This argument was raised and responded to in the summary judgment briefs and analyzed in this court's memorandum and order.  (Docket Entry No. 41 at 11; Docket Entry No. 52 at 4, 11–12; Docket Entry No. 69 at 19–20, 27–30).  The record evidence showed that Canatxx's sales representative, Rob Blackmon, told Silverhawk that Canatxx did not want to move forward on the deal with Silverhawk on the basis of the proposed amended term sheet.  (Docket Entry No. 41, Exs. 30, 38 at 9).  Although Blackmon told Silverhawk that Canatxx was prepared to move forward under the Indicative Term Sheet without change, the undisputed evidence shows that after Silverhawk insisted that Canatxx provide answers

3

to Silverhawk's questions about the payments to the Texas affiliate and the collateral asset values or reach a revised agreement addressing Silverhawk's concerns, Canatxx told Silverhawk to put its "pencils down," and sought and received funding from alternate sources. (Docket Entry No. 52, Ex. F at 141–43).

Canatxx argues that this court committed a clear legal error by construing the Indicative Term Sheet because the relevant provisions were reasonably susceptible to more than one meaning and therefore ambiguous. This argument is at odds with Canatxx's assertion in its response to Silverhawk's motion for summary judgment that "[s]ince the contractual provisions at issue are not ambiguous, Silverhawk's Motion correctly notes that they are to be interpreted by the Court as a matter of law." (Docket Entry No. 52 at 1). The meaning of the Indicative Term Sheet provisions was the subject of extensive examination in the parties' summary judgment briefs and in this court's May 8, 2008 memorandum and order. This court found that the relevant provisions of the Indicative Term Sheet were not reasonably susceptible to more than one interpretation and explained their unambiguous meaning. (Docket Entry No. 69 at 12–18, 30–31). The motion to alter the judgment on this ground is neither new nor persuasive.

## III. Conclusion

Canatxx's motion to alter the judgment on the grounds that the judgement was based on clearly erroneous findings of fact and law is denied. Final judgment is entered by separate order.

SIGNED on July 23, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge